```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND
```

|   |   |
|---|---|
| METROPOLITAN FINANCIAL SERVICES, et al. | : <br> : <br> : |
| v. | : Civil Action No. DKC 2005-2330 |
| ROGER R. VALES, et al. | : <br> : |

**MEMORANDUM OPINION**

Presently pending and ready for resolution is Defendants' motion to dismiss.  The issues are fully briefed and the court now rules pursuant to Local Rule 105.6, no hearing being deemed necessary.  For the reasons that follow, the court grants Defendants' motion to dismiss counts II and III without prejudice, and will require Plaintiffs to particularize the status of Metropolitan Financial Services.

**I. Background**

Metropolitan Financial Services ("Metropolitan") and Alma Preciado ("Preciado"), ("Plaintiffs"), filed a complaint against Roger Vales and Lourdes Vales, ("Defendants"), in the Circuit Court for Montgomery County, Maryland, on July 15, 2005.  The complaint contains three counts: malicious prosecution (count I), defamation (count II), and tortious interference with advantageous business relationships (count III).  Defendants

removed the case to this court, asserting that this court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.

Plaintiffs assert the following facts. Dorita Lemos Down ("Down") has been seeking to do one or more development projects under the name Pidegro, which stands for Pioneer Development Group. These development projects serve the purpose of building lower-cost housing for economically disadvantaged people in Mexico and other countries. In connection with these projects, Down created a website for Pidegro, which stated that both governmental and non-governmental organizations pledged to assist in these projects.

Preciado, a resident of Montgomery County, Maryland, owns and operates Metropolitan Financial Services. As a long-time associate of Down, Preciado and Metropolitan agreed to assist Down in securing a bridge loan for Pidegro until Down could secure more financing. Down completed a Uniform Residential Loan Application ("Loan Application"), dated March 17, 2005, in which she requested a loan in the amount of $350,000.00, and offered certain real estate as collateral ("Offered Real Property"). In this Loan Application, Down represented that title to the Offered Real Property was held in joint tenancy by Down and her husband, Harry Down.

2

Plaintiffs assert that shortly after, Defendant Roger Vales, who had previously placed loans through Metropolitan, decided to fund Down's $350,000 loan.  Plaintiffs then obtained a lien report on the Offered Real Property, which was forwarded to Vales.  This lien report revealed that title to the Offered Real Property was solely in the name of Harry Down, and not in the names of Dorita Lemos Down and Harry Down as joint tenants.  Nonetheless, Defendant Roger Vales delivered a check to Metropolitan, made payable to Dorita Lemos Down in the amount of $350,000, and dated April 5, 2005.  Plaintiffs then forwarded a draft deed of trust to Defendant Vales, and he requested that Plaintiffs also get the signature of Harry Down on the deed of trust.  On the date of settlement, Down asserted that her husband, Harry Down, could not come to the settlement because of his particularly high blood pressure.  Down alone signed the promissory note and deed of trust, and Plaintiffs released the check in the amount of $350,000 to her.  Down deposited the check into an account opened in the name of Pidegro, LLC.  After it was too late to stop payment on the check, Down asserted that she never told her husband about the loan.  Down failed and refused to return the full amount of the loan, and Plaintiffs filed suit against Down to recover the amount.

Defendant Vales then filed criminal charges against Preciado, charging her with theft, or conspiracy to commit theft. Those charges were dismissed *(nolle prossed)*, and Plaintiffs filed the current suit against Defendants for malicious prosecution, defamation, and tortious interference with advantageous business relations.

**II. Standard of Review**

A motion to dismiss pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 12(b)(6) ought not be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). All that the Federal Rules of Civil Procedure require of a complaint is that it contain "'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley*, 355 U.S. at 47; *Comet Enter. Ltd. v. Air-A-Plane Corp.*, 128 F.3d 855, 860 (4th Cir. 1997). "Given the Federal Rules' simplified standard for pleading, '[a] court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)(quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984).

In reviewing the complaint, the court accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). The court must disregard the contrary allegations of the opposing party. *A. S. Abell Co. v. Chell*,

5

412 F.2d 712, 715 (4th Cir. 1969). The court need not, however, accept unsupported legal conclusions, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979).

A party may move to amend his complaint pursuant to Rule 15(a), and leave "shall be freely given when justice so requires." FED.R.CIV.P. 15(a). Under Rule 15(a), "[t]he decision to grant a party leave to amend its pleading rests within the sound discretion of the district court." *HealthSouth Rehab. Hosp. v. Am. Red Cross*, 101 F.3d 1005, 1010 (4th Cir. 1996), *cert. denied*, 520 U.S. 1264 (1997) (citing *Sandcrest Outpatient Serv. v. Cumberland County Hosp. Sys.*, 853 F.2d 1139, 1148 (4th Cir. 1988)). The general and oft-cited rule is that leave sought should be freely given "in the absence of any apparent or declared reason such as undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc." *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**III. Analysis**

Defendants present a series of arguments.  First, Defendants contend that Plaintiffs' thirty-five page complaint does not meet the requirements of Fed.R.Civ.P. 8(a) and 8(e)(1), which require that a pleading which sets forth a claim for relief shall contain a short and plain statement of the claim, and that each averment shall be simple, concise, and direct.  (Paper 10, at 1).   Second, Defendants state that Plaintiffs' complaint contains numerous bald allegations and generalizations, and is thus in violation of Federal Rule 9(b), which requires that all averments of fraud and the circumstances constituting fraud be stated with particularity.  (Paper 10, at 1).  Third, Defendants assert that Metropolitan lacks the capacity to file suit because its charter to do business was forfeited on March 3, 2004, prior to the events that gave rise to this suit.  *Id.* at 2.  Fourth, Defendants' motion requests that the count for defamation be dismissed, that there is no basis for the complaint against Lourdes Vales for defamation, and that Plaintiffs' request for punitive damages also be dismissed.  *Id.* at 2-4.  Finally, Defendants assert that Plaintiffs failed to state a claim for tortious interference with business relationships.  *Id.* at 5.

In their opposition to Defendants' motion to dismiss, Plaintiffs assert that their claims are proper, and that

7

Metropolitan does not claim capacity to file suit as a corporation, but as a sole proprietorship.

**A.   Metropolitan's Standing**

Defendants' claim that Metropolitan lacks standing assumes that Metropolitan filed suit as a corporation. Defendants' motion to dismiss states that Metropolitan's charter to do business was forfeited on March 3, 2004, and thus Metropolitan lacks standing to sue as a corporation. (Paper 10, at 2). A Maryland corporation "has the general powers [to] . . . sue, be sued, complain, and defend in all courts." MD. CODE ANN., CORPS. & ASS'NS § 2-103(2). However, when the Maryland Department of Assessments and Taxation issues a proclamation declaring that a corporation's charter is forfeited, "the powers conferred by law on the corporation are inoperative, null, and void." MD. CODE ANN., CORPS. & ASS'NS § 3-503(d). This includes the power to sue. *See Dual Inc. v. Lockheed Martin Corp.*, 383 Md. 151, 163, 857 A.2d 1095, 1101 (2004) (holding that a corporation that loses its charter is a legal non-entity and lacks the capacity to sue or be sued).

A sole proprietorship, on the other hand, is a "business in which one person owns all the assets, owes all the liability, and operates in his or her personal capacity." BLACK'S LAW DICTIONARY (8th ed. 2004). It does not have a separate existence:

8

> "The sole proprietorship form of business provides 'complete identity of the business entity with the proprietor himself. . . .'" *Bushey v. Northern Assur. Co. of Am.*, 362 Md. 626, 637, 766 A.2d 598, 603 (Md. 2001) (quoting 1 Z. CAVITCH, BUSINESS ORGANIZATIONS § 1.04[1], at 1-23 (Matthew Bender 2000)). Maryland law, however, may require a person engaged in a business under any name other than his own to file a certificate with the Department of Assessments and Taxation. MD. CODE ANN., CORPS. & ASS'NS § 1-406.

Plaintiffs' complaint states that Metropolitan is a resident of Montgomery County, Maryland, owned and operated by Alma Preciado. (Paper 2, at 2). Based on the language contained in the complaint, Metropolitan may be a sole proprietorship, owned and operated by Alma Preciado. Plaintiffs must clarify the status of Metropolitan, and clearly designate whether this action is brought by Alma Preciado, trading as Metropolitan Financial Services. If there is some reason why there should be two separate plaintiffs, the amended complaint must so state.

**B.   Malicious Prosecution**

Other than contending that the entire complaint is neither short nor plain, Defendants did not, as pointed out by Plaintiffs, contend that count I for malicious prosecution fails to allege the necessary elements. While overly inclusive, the complaint can be understood. Accordingly, the motion to dismiss count I will be denied.

## C. Defamation

The Court of Appeals of Maryland has defined a defamatory statement as "one which tends to expose a person to public scorn, hatred, contempt or ridicule, thereby discouraging others in the community from having a good opinion of, or from associating or dealing with, that person." *Holt v. Camus*, 128 F.Supp.2d 812, 815 (D.Md. 1999), *citing Batson v. Shiflett*, 325 Md. 684, 722-23, 602 A.2d 1191 (1992). In order to state a claim for defamation under Maryland law, a plaintiff must allege that: (1) the defendant made a defamatory statement regarding the plaintiff to a third person; (2) the statement was false; (3) the defendant was legally at fault in making the statement; and (4) the plaintiff suffered harm thereby. *Gohari v. Darvish*, 363 Md. 42, 54, 767 A.2d 321 (2001), *citing Rosenberg v. Helinski*, 328 Md. 664, 675, 616 A.2d 866 (1992); *Samuels v. Tschechtelin*, 135 Md.App. 483, 544, 763 A.2d 209 (2000); *Gooch v. Md. Mech. Sys., Inc.*, 81 Md.App. 376, 389, 567 A.2d 954 (1990); *see also*

10

*Murray v. United Food & Commercial Workers Int'l Union*, 289 F.3d 297, 305 (4th Cir. 2002). Fault may be based on actual malice or negligence. *Samuels*, 135 Md.App. at 544. Actual malice can be established by a clear and convincing showing that a defendant published a statement with actual knowledge of its falsity, although negligence can be shown by a preponderance of the evidence. *Id.* In order to recover more than actual damages, a plaintiff must show that the defendant acted with actual malice when making the defamatory statements. *Holt*, 128 F.Supp.2d at 815.

Defendants move to dismiss the defamation claim on the grounds that the allegations are entirely devoid of any reference to actual events. "Though neither 'vagueness' nor 'lack of detail' are sufficient grounds on which to grant a motion to dismiss, *Kress v. Food Employers Labor Relations Ass'n*, 217 F.Supp.2d 682, 685 (D.Md. 2002) (citations omitted), a court deciding such a motion need not accept factual allegations devoid of any reference to actual events." *D & G Flooring, LLC v. Home Depot U.S.A., Inc.*, 346 F.Supp.2d 818, 824 (D.Md. 2004).

A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). A complaint alleging defamation is no

11

different, and the usual standards of notice pleading are applicable:

> Although the pleading requirements of Rule 8(a) are very liberal and easily satisfied, many federal courts have made it clear that more detail often is required than the bald statement by the plaintiff that she has a valid claim of some legally recognizable type against the defendant . . . Indeed, where allegations are "so baldly conclusory that they fail to give notice of the basic events and circumstances of which the plaintiff complains, [the allegations] are meaningless as a practical matter and, as a matter of law, insufficient to state a claim." *Stordeur v. Computer Assocs. Int'l, Inc.*, 995 F.Supp. 94, 98 (E.D.N.Y. 1998) (*citing Barr v. Abrams*, 810 F.2d 358, 363 (2nd Cir. 1987)); *see also MedImmune, Inc. v. Centocor, Inc.*, 271 F.Supp.2d 762, 771 (D.Md. 2003).

*D & G Flooring*, 346 F.Supp.2d at 824.  Plaintiffs' complaint contains insufficient information concerning Defendants' alleged defamatory statements.  Plaintiffs contend that Roger Vales is "providing injurious information about Metropolitan Financial Services and Alma Preciado to the business partners of one or the other or both Plaintiffs," (paper 2 at 29), but does not state the exact nature of this information nor when this information was communicated.

Plaintiffs do not state to whom Vales made defamatory statements, when the statements were made, or the content of those statements.  Therefore, Plaintiffs fail to allege an

12

essential component of defamation. *See Metromedia, Inc. v. Hillman*, 285 Md. 161, 172, 400 A.2d 1117 (1979). Accordingly, Defendants' motion to dismiss count II will be granted without prejudice.

Any re-pleading of the defamation count must include averments which, at a minimum, include: (1) the identity of the maker of the defamatory statement; (2) the exact content of the defamatory statement; (3) the date on which the defamatory statement was made; (4) the persons to whom the defamatory statement was communicated; (5) the date on which Vales was advised by the Plaintiffs of the falsity of the defamatory statement; and (6) an averment of damages made with sufficient particularity to demonstrate a good faith basis for a claim for defamation that exceeds $75,000. *See S. Volkswagen, Inc. v. Centrix Fin., LLC*, 357 F.Supp.2d 837, 844 (D.Md. 2005). If Plaintiffs contend that Lourdes Vales is liable on a defamation theory, they must so state with particularity.

**D. Tortious Interference with Advantageous Business Relationships**

Under Maryland law, to prove tortious interference with business relationships, a plaintiff must show:

> (1) intentional and willful acts; (2) calculated to cause damage to the plaintiffs in their lawful business; (3) done with the unlawful purpose to cause such damage and

13

>loss, without right or justifiable cause on the part of the defendants (which constitutes malice); and (4) actual damage and loss resulting.

*Alexander & Alexander Inc. v. B. Dixon Evander & Assocs., Inc.*, 336 Md. 635, 652, 650 A.2d 260 (1994); *see also Fare Deals, Ltd. v. World Choice Travel.Com, Inc.*, 180 F.Supp.2d 678, 691 (D.Md. 2001) (stating that the plaintiff "must plead facts — rather than bare legal conclusions" to establish these elements). The plaintiff must establish "both a tortious intent and improper or wrongful conduct." *Alexander*, 336 Md. at 656 (citation and internal quotation marks omitted); *see also Mates v. N. Am. Vaccine, Inc.*, 53 F.Supp.2d 814, 828-29 (D.Md.1999) (dismissing a claim of tortious interference when plaintiff failed to allege "conduct that is independently wrongful or unlawful"). To satisfy the third element, the defendants' conduct must be "independently wrongful or unlawful, quite apart from its effect on the plaintiff's business relationships." *Alexander*, 336 Md. at 657; *see also K & K Management, Inc. v. Lee*, 316 Md. 137, 158-63, 557 A.2d 965 (1989). This includes "common law torts, and violence or intimidation, defamation, injurious falsehood or other fraud, violation of criminal law, and the institution or threat of groundless civil suits or criminal prosecutions in bad

14

faith." *Alexander*, 336 Md. at 657 (internal quotation marks omitted).

Plaintiffs have failed to allege any specific facts that Defendants maliciously intended to damage Plaintiffs' business relations with others.  Moreover, it is unclear from the complaint whether Plaintiffs assert a separate cause of action against Defendants for tortious interference with Plaintiffs' business relationships, or whether Plaintiffs are arguing that this interference was a form of damage resulting from the alleged defamation.  Accordingly, Defendants' motion to dismiss count III will be granted without prejudice.

## IV. Conclusion

For the foregoing reasons, the Defendants' motion to dismiss is granted without prejudice as to counts II and III. Plaintiffs will have 15 days within which to file an Amended Complaint, properly setting forth the capacity, if any, of Metropolitan as a separate plaintiff, and pleading more completely and precisely the claims for defamation and tortious interference.  A separate Order will follow.

                                                        /s/
                                        DEBORAH K. CHASANOW
                                        United States District Judge

November 14, 2005