```
          IN THE UNITED STATES DISTRICT COURT
             FOR THE DISTRICT OF MARYLAND
```

|  |  |
|---|---|
| METROPOLITAN FINANCIAL SERVICES, et al. | : <br> : |
| v. | : Civil Action No. DKC 2005-2339 |
| ROGER R. VALES, et al. | : <br> : |

**MEMORANDUM OPINION**

Roger Vales, Defendant, has moved to dismiss the Amended Complaint, contending that (1) Metropolitan Financial Services is not a proper party plaintiff and (2) that the complaint fails to state a claim. For the reasons that follow, any purported independent claim of Metropolitan Financial Services will be dismissed, but the claim of Alma Preciado for malicious prosecution will be permitted to proceed.

The complaint asserts that Alma Preciado operates a business under the trade name of Metropolitan Financial Services. As noted by the court previously, Metropolitan Financial Services cannot maintain an independent action because it is not a separate legal entity. Whether Ms. Preciado can recover for injury to her business as part of a malicious prosecution claim will be determined later, if appropriate.

This is the second motion to dismiss filed by Defendant, but the first to challenge Plaintiff's allegations concerning the tort of malicious prosecution. Defendant's argument seems to rely in large measure on the exhibits attached to the motion and on his

denial of allegations in the amended complaint. In ruling on a motion under Fed.R.Civ.P. 12(b)(6), however, the court does not examine material outside of the complaint itself.

A court reviewing a complaint in light of a Rule 12(b)(6) motion accepts all well-pled allegations of the complaint as true and construes the facts and reasonable inferences derived therefrom in the light most favorable to the plaintiff. *Ibarra v. United States*, 120 F.3d 472, 473 (4th Cir. 1997). Such a motion ought not to be granted unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). The court need not, however, accept unsupported legal allegations, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Papasan v. Allain*, 478 U.S. 265, 286 (1986), or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). Except in certain specified cases, a plaintiff's complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2). Material beyond the pleadings may only be consulted if the court reconfigures the motion as one for summary judgment. The court declines to do so as this juncture.

Accordingly, the motion to dismiss the malicious prosecution claim will be denied. A separate order will be entered.

                                                           _____/s/_____
                                                           DEBORAH K. CHASANOW
                                                           United States District Judge